## C. P. CARPENTER v. MINNEAPOLIS, ST. PAUL, ROCHESTER & DUBUQUE ELECTRIC TRACTION COMPANY.[1]

May 12, 1916.

Nos. 19,683—(45).

**Carrier — passenger may be ejected.**

    1. A common carrier operating a railroad is not required to receive passengers at a place not a station nor a junction or transfer point

[1] Reported in 157 N. W. 902.

where it stops at a crossing with another railroad; and one who gets on at such a place contrary to the orders of the trainmen may be ejected.

**Same — use of reasonable force — charge.**

2. In ejecting such person the common carrier must not use more than reasonable force; and the charge of the court upon this point was without prejudicial error.

**Same — evidence.**

3. The evidence sustains the finding of the jury that no greater force than was reasonably necessary was used.

Action in the district court for Rice county to recover $2,000 for being ejected from defendant's train. The answer alleged that the station at which plaintiff attempted to board the train was a mere flag station; that the train which he attempted to board was known as a through or express train and that the employees in charge of it were instructed not to take on or discharge passengers at that station; and that there were local trains which stopped at that and other flag stations upon signal for the puropse of receiving and discharging passengers. The case was tried before Childress, J., and a jury which returned a verdict for defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*C. P. Carpenter* and *Anson L. Keyes,* for appellant.

*M. H. Boutelle, R. T. Boardman* and *Robert Mee,* for respondent.

DIBELL, C.

Action to recover damages for being ejected from the defendant's train. There was a verdict for the defendant. The plaintiff appeals from the order denying his motion for a new trial.

1. The defendant operates the Dan Patch line between Minneapolis and Northfield. At a point northerly of Northfield it crosses the Milwaukee road at right angles. Southerly of the intersection is a platform and shelter station where passengers are received and discharged. The car was a limited or express car going south and did not receive or discharge passengers at this station. The car stopped north of the Milwaukee tracks for the crossing. There was no transfer or junction point at the crossing. There were interlocking gates at the crossing

and the conductor opened and closed them when there was no section man about. The plaintiff had come across the Milwaukee tracks from the south with the purpose of getting on the train to go to Northfield, a stopping station. The conductor informed him that passengers were not received there and refused to carry him. He got on the steps and was required by the conductor to get off. When the conductor went forward to open the gates the plaintiff boarded the car. The conductor signaled the car across, closed the gates after it, got on the car, which had stopped, and required the plaintiff to get off. The car was not then at the platform where passengers were received. The plaintiff claims that being on the car he had the rights of a passenger and that the defendant could not rightfully eject him. If this view is a sound one, a common carrier stopping its train at a railway crossing, or at a water tank or a fuel supply station, must receive as passengers those who present themselves; and they are passengers, though they board the train contrary to the orders of the trainmen. The plaintiff's contention is not sustained. The court correctly charged the jury that the defendant had the right to eject the plaintiff. Whether the defendant might be required to stop all its trains at the station near the crossing is not for determination on this appeal.

2. In removing the plaintiff the defendant was justified in using no more than reasonable force; and if it used more it is liable. This was the charge of the court. In giving an instruction asked by the plaintiff, the court inaccurately used the term "gross violence or force. Its attention was not called to this particular expression; and the statement was made over and over that the defendant was liable if it used unreasonable force. The jury was not misled and a new trial should not result from the inaccuracy mentioned.

3. The plaintiff contends that it appears from the evidence, as a matter of law, that the defendant used unreasonable force. We are of the opinion that it does not so appear. The jury might well have found a verdict for the plaintiff upon the ground that the conductor used unnecessary force, and a verdict of that effect would be sustained; but we are unable to say that the jury could not reasonably find the verdict which they returned.

The plaintiff assigns many errors and argues them at length in a carefully prepared brief. We have examined them. Except as covered by what we have said they are not of a character requiring specific mention.

Order affirmed.